Dear Chairman Singleton:
By resolution, you requested an opinion from this office regarding whether the deadline for receipt of assessment appeals provided in La. R.S. 47:1992F(2) should be extended when August 15th falls on a Saturday or Sunday. Although we agree with the rationale expressed by the New Orleans City Attorney's office, to the effect that the legislature probably intended that three full business days, following the last day of the period for exposure of the assessment lists for inspection by the taxpayers, be allowed for receipt of assessment appeals, we conclude that the three day period should not be extended when August 15th
falls on a weekend.
In pertinent part, La. R.S. 47:1992F sets forth two separate periods. The assessors expose lists showing the assessment of the immovable and movable property in their districts during the period August first through August fifteenth. When August fifteenth falls on a weekend or legal holiday, the exposure period is extended until the next business day. See, La. R.S.47:1992F(1). Written complaints regarding assessments must be received in the assessors offices within "three business days after August fifteenth." La. R.S. 47:1992F(2)(b). No special provision is made, with respect to filing the complaints, when August fifteenth falls on a weekend or legal holiday. While the legislature may well have intended to apply an extension in such cases, as it did with regard to the inspection period, the fact remains that it did not do so. A fundamental principle of statutory construction is expressed in La. Civil Code Article 9:
 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
The provision of La. R.S. 47:1992F(2)(b) is clear and unambiguous; "[t]he complaint form must be received in the assessor's office within three business days after August fifteenth." Application of the provision, as written, does not lead to absurd consequences. The legislature did not choose to include any provision for extending the deadline for filing the complaint when August fifteenth falls on a weekend or legal holiday, as it did with regard to the inspection period. Therefore, it is not within the purview of this office to go beyond the clear language of the statute, for the purpose of "interpreting" the intent of the legislature. That intent is express by the clear wording of the statute.
In view of the foregoing, we must conclude that the complaint regarding assessments must be received in the assessor's office within three business days after August fifteenth, without regard to whether August fifteenth falls on a weekend or legal holiday, and without regard to whether the period for inspection of the assessment rolls has been extended.
We trust this opinion satisfies your query.
Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra
xc: Suzanne Mague
Date Received:
Date Released:
Randall A. Karr Assistant Attorney General